UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. WHITTAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01717-SNLJ |
| | ) | |
| ST. LOUIS JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Robert L. Whittaker for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted a certified inmate account. (Docket No. 3). The certified inmate account statement showed an average monthly deposit of $7.50. The Court will therefore assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently an inmate at the Southeast Correctional Center in Charleston, Missouri. At the times relevant to this complaint, however, he was incarcerated at the St. Louis City Justice Center, in St. Louis, Missouri, and later, at the Eastern Reception, Diagnostic & Correctional Center in Bonne Terre, Missouri (ERDCC). He brings this action pursuant to 42 U.S.C. § 1983. His complaint names the St. Louis City Justice Center and the Missouri Department of Corrections as defendants.

Plaintiff states that he entered the St. Louis City Justice Center on August 1, 2015. (Docket No. 1 at 5). At that time, he was "negative of tuberculosis." On or about March 20, 2017, the facility tested everybody on every floor for tuberculosis. Plaintiff thought this was

unusual, since inmates were typically only tested upon arrival or on their birthday. His tuberculosis test in March of 2017 was negative.

Two to three weeks later, plaintiff states that he was sentenced and transferred to ERDCC to serve his time. On April 17, 2017, plaintiff asserts that he was again tested for tuberculosis. This time, the results came back positive. Plaintiff alleges that the St. Louis City Justice Center and the Missouri Department of Corrections "are responsible in negligence" and should be held accountable. He further states that he was disease-free while at the St. Louis City Justice center between August of 2015 and April of 2017. He asserts that he is seeking compensation for his stress, discomfort, mental health, and physical health.

Plaintiff states that ERDCC started him on a nine-month medication program to treat his tuberculosis. (Docket No. 1 at 6). He claims that this will damage his kidney and that he will always have this disease. He seeks to be compensated for the negligence of these facilities in allowing someone with "full blown tuberculosis" to interact with the population.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, accusing defendants St. Louis City Justice Center and the Missouri Department of Corrections of negligence in allowing him to contract tuberculosis. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, this action must be dismissed for failure to state a claim.

### A. Defendant St. Louis City Justice Center

Plaintiff's claim against the St. Louis City Justice Center must be dismissed for failure to state a claim. To begin, the St. Louis City Justice Center is a jail, and a jail is not a distinctly suable entity. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*,

974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Therefore, plaintiff's attempt to name the St. Louis City Justice Center as a defendant is improper.

Even if the City of St. Louis was substituted as the proper defendant, plaintiff has still failed to assert a valid claim of municipal liability. A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of St. Louis.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face,

but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against the City of St. Louis by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, plaintiff provides no factual support for the proposition that the City of St. Louis has an unconstitutional policy or custom that caused him to contract tuberculosis. Specifically, he does not point to any decisions made by City of St. Louis

6

policymakers or any widespread conduct by City of St. Louis employees that would indicate such a policy or custom exists. Indeed, it is not even clear whether plaintiff is alleging that he contracted tuberculosis at the St. Louis City Justice Center, or at ERDCC. Aside from ascribing his contraction of tuberculosis to negligence, he never identifies any misconduct. Plaintiff also makes no attempt to allege that the City was deliberately indifferent in failing to train or supervise its employees, or that such deliberate indifference resulted in a constitutional violation. In short, plaintiff has not provided the facts required to support a municipal liability claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). As such, plaintiff's claim against defendant St. Louis City Justice Center must be dismissed.

### B. Defendant Missouri Department of Corrections

Plaintiff's claim against the Missouri Department of Corrections must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal*

7

*Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Plaintiff's claim against the Missouri Department of Corrections is a claim against a state agency. However, as noted above, a state agency is not a "person" for purposes of § 1983. Therefore, his claim against the Department of Corrections must be dismissed.

Even if the Missouri Department of Corrections was a § 1983 "person," plaintiff has still failed to assert a claim against it. In order to prevail on an official capacity claim, plaintiff must establish the governmental entity's liability for the alleged conduct at issue. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). To do that, plaintiff must show that the violation of his constitutional rights resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick*, 883 F.3d at 1089; and *Marsh*, 902 F.3d at 751. Plaintiff has not done this. The only thing that he has alleged is that at some point between March of 2017 and April of 2017, he contracted tuberculosis. While he concludes this is "negligence" on the part of defendants, he does not provide any factual allegations in support of this contention. Certainly, nothing in the complaint indicates that the Missouri Department of Corrections had a policy or custom that violated plaintiff's constitutional rights with regards to his health. Furthermore, he does not make any claims that his contraction of tuberculosis resulted from the Department of Corrections' deliberately indifferent failure to train or supervise its employees. Therefore, plaintiff's claim against the Missouri Department of Corrections must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.50 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of March, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE